# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL LASHAWN CLARK, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:11CV105 |
| | ) | 4:97CR100-4 |
| Respondent. | ) | |

Petitioner Michael Lashawn Clark, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 159).[1] Petitioner was sentenced in this court to 175-months imprisonment, to be followed by five years of supervised release, based on his participation in a conspiracy to distribute cocaine base (docket no. 68). That sentence was later reduced to 116-months imprisonment (docket no. 125). Petitioner served his prison term and was released under supervision. Unfortunately, the release did not go well. On May 5, 2010, judgment was entered revoking Petitioner's supervised release and sentencing Petitioner to an additional 55-months imprisonment (docket no. 158).

Petitioner did not appeal the revocation and additional sentence; however, on February 8, 2011, the court received Petitioner's 2255 motion. In that motion, Petitioner raises two claims for relief. First, he claims that he received ineffective assistance of counsel because his attorney did not appeal his sentence after

---

[1] This and all further cites to the record are to the criminal case.

agreeing to do so. Second, he claims that counsel did not raise an argument, based on recent Supreme Court case law, that Petitioner was improperly sentenced. Only the first claim needs to be discussed to resolve Petitioner's 2255 motion.

In order to prove ineffective assistance of counsel generally, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court has also held that the dual performance and prejudice inquiry of *Strickland* provides the proper framework for analyzing a claim that counsel was ineffective for failing to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The *Roe* Court reaffirmed that a defense attorney's performance falls below an objectively reasonable standard if he disregards the defendant's specific instructions to file a notice of appeal which defendant wants at the time and to which the defendant has a right. *Id.* at 477. If a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, however, and if counsel consulted with the defendant about an appeal, counsel performs unreasonably only by failing to follow the defendant's express instructions with respect to an appeal. *See id.* at 478.

Respondent filed a response to the 2255 motion (docket no. 168) in which it indicates that it appears that counsel, at a minimum, did not properly consult with Petitioner about an appeal after Petitioner urged counsel to "'keep fighting for him'" (*id.* at 6). Counsel apparently believed this to be a reference to pending charges in

the state courts, but not the federal sentence. Nevertheless, he concedes that unidentified "'subsequent communications'" with Petitioner indicated that the federal case was included (*id.*). Given that admission, the government states that it has insufficient facts to show that counsel properly consulted with Petitioner concerning an appeal. Respondent takes the position that Petitioner's first claim for relief should be granted. It also asks that the second ground for relief be dismissed without prejudice (*id.* at 7). Petitioner has not filed a reply agreeing or disagreeing with this resolution of his motion. Based on counsel's rendition of the facts, the controlling law, and Respondent's concession of ineffective assistance of counsel, the undersigned concludes that Petitioner's first claim for relief should be granted. The second claim should be dismissed without prejudice to being raised, as appropriate, by Petitioner or his new attorney in later proceedings.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 159) be **GRANTED** as to his first claim for relief, that new defense counsel be appointed, and that the judgment entered on May 18, 2010, be vacated and reentered to allow Petitioner to consult with new

counsel regarding a possible appeal.  Petitioner's second claim for relief should be **DISMISSED**, but without prejudice to that claim being raised again by Petitioner or his new attorney as is appropriate.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
September 7, 2011